Mason v. Hartgrove.

---

### Elizabeth Carr Mason v. William N. Hartgrove.

1. TRUSTEES—*Foreclosure of Mortgage.*—One who acts as agent of the mortgagor and receives an assignment of the outstanding certificate of purchase, under a written agreement with him to buy up the same, can not afterward set up that the mortgagor's title in the land was cut off by foreclosure, and hold the property as his own.

Bill for an Accounting, and for a re-conveyance of property. Appeal from the Circuit Court of Knox County; the Hon. GEORGE W. THOMPSON, Judge presiding. Heard in this court at the April term, 1902. Reversed and remanded with directions. Opinion filed July 18, 1902.

FLETCHER CARNEY and JAMES W. CARNEY, attorneys for appellant.

W. T. SMITH, attorney for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a bill in chancery by appellant against appellee, setting up that on May 22, 1900, appellant owned an undivided third of certain lands in Fulton county, Illinois, upon which there was located a valuable coal mine, together with certain coal cars and other property used in the operation of the mine; that on said date one William Nicholson held a certificate of purchase from a foreclosure sale of complainant's interest in said premises; that the period of redemption was about to expire within a few days; that the amount required to redeem from said sale was about $1,312; that on the date aforesaid the following agreement in writing was entered into between appellant and appellee:

"It is agreed between William N. Hartgrove of the first part, and Elizabeth Carr Mason, by A. C. Mason, her agent, of the second part, witnesseth, that the party of the first part agrees with the party of the second part, to go to Cuba, Fulton county, Illinois, on the 23d, to-morrow, and pay to William Nicholson about thirteen hundred and twelve dollars due on certificate of sale of one-third interest in what is known as the Star Coal Mine, sixty acres, and described in said certificate, and in consideration of raising the money to redeem from said sale of said land belonging to said Elizabeth Carr Mason, it is mutually agreed between the parties to this agreement, that the property described in said certificate, to wit, the Star Mine, shall be sold within the next six months from this date, and the thirteen hundred and twelve dollars, or thereabout, paid out of said sale, and the balance received from said sale, to be equally divided between the said Hartgrove and Elizabeth Carr Mason; and on the return of the said Hartgrove with the said certificate, immediately the said Mason shall make a good and sufficient warranty deed to said Hartgrove and

the certificate shall be returned to be canceled by the court, and on the making of said deed the said Hartgrove shall give to Elizabeth Carr Mason a contract for the sale of the property described by said certificate, together with the one-third of the machinery belonging to her, within six months, also one-third of one team and other personal property at the mine or city of Galesburg, for the purpose of paying back the money advanced, and make division of the balance with said Hartgrove, as aforesaid.

Dated this 22d day of May, 1900.

W. N. HARTGROVE.    (Seal.)<br>
ELIZABETH CARR MASON, (Seal.)<br>
By A. C. MASON, Agent.

That appellee instead of redeeming said land took an assignment of said certificate to himself and when the redemption had expired, received a deed for the premises in his own name; that appellee entered into possession of the premises and up to the present time has received the rents and profits; that said action of appellee was a fraud on appellant, and that he in equity never became the owner but took the title to the premises as trustee for appellant; that appellant permitted appellee to take possession of the property upon the understanding that it was to be held as security for repayment of money advanced by him for the redemption of the same; that appellee now claims the property as his own and refuses to account to appellant for the same.

The bill asks for an accounting, prays that appellee may be compelled to convey said premises to appellant upon payment of the amount, if anything, which may be found due appellee on accounting, and for such other and further relief as equity may require. By an amendment to the bill afterward filed, appellant charged that appellee, after obtaining title to the premises, failed and refused to give appellant a contract for the sale of the property and failed to co-operate with appellant for the sale of the land; that on January 5, 1901, appellee mortgaged the premises to one Gray, to secure the payment of $2,000, and asked for an accounting in regard to this mortgage in addition to the accounting prayed for in the original bill. The answer of

appellee admits the execution of the written agreement set out in the bill of complaint, and that there was to be a new agreement between the parties to be executed immediately after appellee acquired title to said premises; admits that he took the title of said premises to himself, but denies that he took the same as security for money advanced; avers that by the written agreement above set out and by the one afterward to be made between the parties, appellee was to buy, and be the absolute owner of, the premises, and that all the right, title or interest appellant had or was to have, was to sell the same during the said six months for the compensation set forth. Replication was filed and the cause was referred to the master, who took the evidence and reported the same to the court. Upon the hearing the court dismissed the bill for want of equity.

We are of opinion that the proofs in this case sustain substantially the allegations of the bill. Instead of canceling the certificate of purchase and taking the deed from appellant, as provided by the agreement, appellee took a deed to himself from the master on the certificate. Neither did he give appellant the additional contract in writing for the sale of the property named in the certificate also provided for by the agreement. According to appellant's proof, such contract was repeatedly requested of appellee, but he refused to make it. Appellee did not, however, acquire any further or greater rights than he would have obtained if he had pursued the course agreed upon in every respect. The agreement which was executed and is hereinabove set forth, did not provide who should sell the property, but as appellee had title, and as the agreement was merely that the property should be sold, obviously either party could sell the property with the concurrence of the other. The additional contract was not to provide, as appellee assumed, that appellant should lose her rights in case she did not sell the property within six months. Appellee has, since getting the title, mortgaged the property, but the mortgagee is not a party to this suit and his rights can not be affected.

We are of opinion that appellant is entitled to the enforcement of the written contract mentioned in her bill and above set forth, under her prayer for general relief. The decree will therefore be reversed and the cause remanded, with directions to the court below to enter a decree for the sale of the property subject to the mortgage to Gray, if still unpaid; to state an account between appellant and appellee, crediting appellee with the amount he paid for the deed to the property, and all subsequent, reasonable expenditures in caring for and improving the same, with interest thereon at the rate of five per cent per annum from date of the expenditure; to charge appellee with all rents and royalties received, with interest from date of receipt at the same rate and with the amount due on the Gray mortgage on the day of sale. Out of the proceeds of sale the court will order to be paid such amount as may be found due to either party upon an account stated and proved in the manner above directed, and divide the balance, if any, between appellant and appellee.